## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE:

JUAN CARLOS GIL,

      Plaintiff,

v.

THE Q.V.H. CORPORATION, ALOHA &
MORE, INC and CARIBE RESTAURANT
OF MIAMI GARDENS INC.,

      Defendants.

_____/

## COMPLAINT

Plaintiff, JUAN CARLOS GIL, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues THE Q.V.H. CORPORATION, ALOHA & MORE, INC and CARIBE RESTAURANT OF MIAMI GARDENS INC., (hereinafter "Defendants"), and as grounds alleges:

## JURISDICTION, PARTIES. AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4.    Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, with a

residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

5.      At all times material, Defendants, THE Q.V.H. CORPORATION, ALOHA & MORE, INC and CARIBE RESTAURANT OF MIAMI GARDENS INC., owned and/or operated a place of public accommodation located at 18505 NW 75th Place, Miami, Florida 33015 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

6.      At all times material, Defendant, THE Q.V.H. CORPORATION, was and is a corporation, organized under the laws of the State of Florida, with its principal place of business in Miami Lakes, Florida.

7.      At all times material, Defendant, THE Q.V.H. CORPORATION., owned and operated a commercial shopping center at 18505 NW 75th Place, Miami, Florida 33015 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

8.      At all times material, Defendant, ALOHA & MORE, INC, was and is a corporation, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

9.      At all times material, Defendant, ALOHA & MORE, INC, leased and operated a commercial restaurant at 18505 NW 75th Place, Miami, Florida 33015 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, ALOHA & MORE, INC, holds itself out to the public as "Café Areito."

10.     At all times material, Defendant, CARIBE RESTAURANT OF MIAMI

GARDENS INC., was and is a corporation, organized under the laws of the State of Florida, with its principal place of business in Hialeah, Florida.

11.     At all times material, Defendant, CARIBE RESTAURANT OF MIAMI GARDENS INC., leased and operated a commercial restaurant at 18505 NW 75th Place, Miami, Florida 33015 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, CARIBE RESTAURANT OF MIAMI GARDENS INC., holds itself out to the public as "Don Pan."

12.     Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

13.     Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

14.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

15.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

3

16.     Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JUAN CARLOS GIL, is substantially limited in major life activities due to his impairment and requires the use of a wheelchair to ambulate.

17.     Defendants, THE Q.V.H. CORPORATION, ALOHA & MORE, INC and CARIBE RESTAURANT OF MIAMI GARDENS INC., own, operate and/or oversees the Commercial Property, its general parking lot and parking spots.

18.     The subject Commercial Property is open to the public and is located in Miami, Miami-Dade County, Florida.

19.     The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about January 29, 2022 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein.  He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, because it is approximately twenty (20) miles from his residence, and is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of the filing of this Complaint, specifically on or before May 4, 2022.

20.     Plaintiff resides nearby in the same County and state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his residence and other businesses that he

frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint, specifically on or before May 4, 2022.

21.     The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

22.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, JUAN CARLOS GIL, and others similarly situated.

23.     Defendants, THE Q.V.H. CORPORATION, ALOHA & MORE, INC and CARIBE RESTAURANT OF MIAMI GARDENS INC., own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendants, THE Q.V.H. CORPORATION, ALOHA & MORE, INC and CARIBE RESTAURANT OF MIAMI GARDENS INC., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, THE Q.V.H CORPORATION, ALOHA & MORE, INC and CARIBE RESTAURANT OF MIAMI

5

GARDENS INC., own and operate the Commercial Property Business located at 18505 NW 75th Place, Miami, Florida 33015.

24.     Plaintiff, JUAN CARLOS GIL, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and III of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

25.     Defendants, THE Q.V.H. CORPORATION, ALOHA & MORE, INC and CARIBE RESTAURANT OF MIAMI GARDENS INC., as landlords and/or lessees of the Commercial Property Business, is responsible for all ADA violations listed in Counts I and III.

26.     Plaintiff, JUAN CARLOS GIL, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not necessarily limited to the allegations in Counts I and III of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial

Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure himself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

27.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS
## INVOLVING COMMON AREAS
## AS TO THE Q.V.H. CORPORATION

28.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

29.     Defendant, Q.V.H. CORPORATION, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Parking Lot

i.   The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on

an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.   Entrance Access and Path of Travel

i.   The plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the facility is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

8

vi.    The plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The plaintiff could not navigate the curb ramps without assistance, as there are curb ramps at the facility that contain excessive flared side slopes, violating Section 4.7.5 of the ADAAG and Section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT II – ADA VIOLATIONS
### AS TO THE Q.V.H. CORPORATION and ALOHA & MORE, INC

30.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

31.    Defendants, Q.V.H. CORPORATION and ALOHA & MORE, INC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Access to Goods and Services

i.    There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.    There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The plaintiff could not use the paper towel dispenser without assistance, as it is mounted

too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.     The plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.     The plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.     The plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.     The plaintiff could not use the toilet paper dispenser without assistance, as it is not

mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

x.    The plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III – ADA VIOLATIONS**
**AS TO THE Q.V.H. CORPORATION and**
**CARIBE RESTAURANT OF MIAMI GARDENS INC.**

32.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 27 above as though fully set forth herein.

33.    Defendants, Q.V.H. CORPORATION and CARIBE RESTAURANT OF MIAMI GARDENS INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.    Access to Goods and Services

i.    There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B.    Public Restrooms

i.    There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

34.   The discriminatory violations described in Counts I and III are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JUAN CARLOS GIL, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

35.   The individual Plaintiff, and all other individuals similarly situated, have been

denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

36.    Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

37.    Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled

to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

38.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

39.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendants.

40.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 10700 SW 24th Street Miami, Florida 33175, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

        WHEREFORE, The Plaintiff, JUAN CARLOS GIL, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement

of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 4, 2022

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails:
bvirues@lawgmp.com,
dperaza@lawgmp.com

By: ___/s/ Anthony J. Perez_____
    ANTHONY J. PEREZ
    Florida Bar No.: 535451
    BEVERLY VIRUES
    Florida Bar No.: 123713

15